

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**PHILIP S. FRANK**
*Assistant Corporation Counsel*
Room 3-183
Telephone: (212) 788-0893
Facsimile: (212) 788-9776
pfrank@law.nyc.gov

## MEMO ENDORSED  May 27, 2008

**VIA HAND DELIVERY**
Honorable Lewis A. Kaplan
United States District Judge, SDNY
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

> USDS SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 5/29/08

Re: Lloyd Moore v. City of New York et al., 08 Civ. 3487 (LAK)

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to the defense of the above-referenced matter on behalf of defendant City of New York ("City"). In essence, plaintiff's complaint alleges that he was falsely arrested and excessive force was used against him on February 6, 2007. Consequently, I write to respectfully request (1) a thirty (30) day enlargement of time, until June 27, 2008, for defendant City to respond to the complaint; and (2) an adjournment of the initial conference scheduled for May 30, 2008 at 10:00 a.m. until a date after defendant City has been joined in this action. Based upon the date of service on the City, its response is presently due on or about May 28, 2008. Plaintiff's counsel consents to this request, and I note further that no previous request for an extension has been made in this action.

There are several reasons for granting an enlargement of time for defendants to respond to the complaint in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. In this case, plaintiff alleges that he was falsely arrested and that excessive force was used against him when he was arrested on February 6, 2007. Accordingly, it is necessary for our office to acquire as much information as possible concerning this matter in order to properly assess the case and respond to the complaint. Currently, this office is in the process of forwarding to plaintiff for execution a consent and authorization for the release of records that may have been sealed pursuant to New York Criminal Procedure Law § 160.50. The executed release is necessary for our office to obtain the underlying police records pertaining to plaintiff's arrest. Because plaintiff has not named any individual defendants, without these records, defendant City of New York will have no access to records necessary to respond to the complaint. In addition, given plaintiff's allegations that he suffered physical injuries and

emotional distress as a result of the incident, this office is in the process of forwarding to plaintiff for execution a consent and authorization for the release of any records of medical treatment.

Moreover, there are several reasons for granting an adjournment of the initial conference until a date after defendant City has responded to the complaint. First, in all likelihood, once defendant City is given an opportunity to access the underlying documents and digest the facts of this case, the parties will be able to agree upon a scheduling order and an initial conference will be unnecessary. However, defendant City was only recently served with the complaint and has not yet received the executed releases necessary to unseal police department documents related to the underlying incident. The sealed information is necessary to assess the number of witnesses it intends to depose, to account for the quantity of paper discovery to be exchanged, and to determine whether expert discovery is necessary in this matter. Thus, defendant City cannot agree to a discovery schedule in an informed manner at this time. Accordingly, an adjournment of the initial conference until a date after defendant City has responded to the complaint and accessed the sealed documents will enable this office to intelligently discuss a proposed discovery plan with plaintiff prior to the conference.

I would like to assure the Court that we are attempting to move forward in this litigation as expeditiously as possible, and that the enlargement is necessary in order for us to proceed effectively. Accordingly, we would respectfully ask that the Court grant (1) a thirty (30) day enlargement of time, until June 27, 2008, for defendant City to respond to the complaint; and (2) an adjournment of the initial conference scheduled for May 30, 2008 at 10:00 a.m. until a date after defendant City has responded to the complaint.

I thank the Court for its time and consideration of this request.

Respectfully submitted,

Philip S. Frank (PF-3319)
Assistant Corporation Counsel
Special Federal Litigation Division

**MEMO ENDORSED**

cc:    **Via Facsimile (914) 946-9585**
       Tracie A. Sundack
       19 Court Street, 3rd Floor
       White Plains, NY 10601

Conference
adjourned sine die.
Time to answer extended
to 6/27/08

2

SO ORDERED

_____ _TC A. KAPLAN,