# TRACIE A. SUNDACK & ASSOCIATES, L.L.C.
## ATTORNEYS AT LAW

19 COURT STREET
THIRD FLOOR
WHITE PLAINS, NEW YORK 10601

TRACIE A. SUNDACK

JEFFREY R. POLLACK
ALBERT PIZZIRUSSO

WEB: SUNDACKLAW.COM

TEL: (914) 946-8100
(212) 267-8400
FAX: (914) 946-9585

June 26, 2008

Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

RE: Moore v. City of New York, et al.,
08. Civ. 3487 (LAK)

Dear Honorable Sir:

As you are aware, I am an associate in the law office of Tracie A. Sundack & Associates, L.L.C., attorneys for the Plaintiff in the above-referenced matter. This letter is written in response to the letter from Phillip S. Frank, Assistant Corporation Counsel, dated June 25, 2008 and hand delivered to the Court.

As an initial matter, Plaintiff does not oppose defense counsel's application for an additional thirty days to respond to the Complaint. Counsel also does not object to providing defense counsel with authorizations for Plaintiff's medical records or a designation of agent so that defense counsel can obtain the relevant criminal court and arrest records. However, Plaintiff does oppose the imposition of an order compelling production of same. The basis for said objection is set forth below.

As defense counsel explained in his letter, Plaintiff is presently incarcerated in Orleans Correctional Facility, a New York State Department of Correction facility located in Albion, New York. By letter dated May 22, 2008, and received in my office on May 26, 2008, defense counsel did provide blank authorizations and request same be completed and returned. These were initially mailed to Plaintiff on May 28, 2008 to Rikers Island. A week later we learned that Plaintiff had been transferred from City custody into State custody and, on June 9, 2008, those authorizations were again mailed for Plaintiff's signature. We are awaiting the return of those documents and hope to have them shortly.

While defense counsel is right to note that Plaintiff does not have the names of the individual officers involved in the incident giving rise to the instant claim, two additional facts

should be made clear to the Court. First, as I have informed defense counsel, Plaintiff, following the incident, made a complaint to, and cooperated with the investigation of, the Civilian Complaint Review Board ("CCRB"). Despite our letters to the CCRB, including authorization from the Plaintiff to access the file created from his complaint, the CCRB has refused to provide any information, including their findings, to my office. We have been, unfortunately, prevented from gathering the necessary information to identify the unknown officers. Plaintiff does not recall the specific identities of the police officers involved in the incident and there were no proceedings in criminal court following the arrest as Plaintiff was subsequently released directly from the police precinct.

Second, Plaintiff's complaint states several facts that would allow Defendant the City of New York[1] to gather the necessary information to respond to Plaintiff's complaint. These include the date, time and location of Plaintiff's arrest and the police precinct to which Plaintiff was brought. Pursuant to General Municipal Law §50, this information had been provided to the City of New York within 90 days of the date of Plaintiff's arrest.

Plaintiff does not seek to delay this matter. However, it is not necessary to compel Plaintiff to provide the authorizations. As stated, Plaintiff does not object to providing the authorization and does not object to the initial time sought by defense counsel. Given the circumstances as detailed in this letter, an order compelling these documents and the threat of sanctions is premature. Plaintiff, in lieu of an order compelling production of the authorizations by a date certain or the imposition of a penalty, seeks three weeks additional time to provide said authorizations.

Thank you in advance for your consideration to this matter.

Respectfully submitted,

Jeffrey R. Pollack (JP-7575)

---

[1] Allegations against the City of New York are, primarily, grounded in State law causes of action.