*set
tel con*

**MEMO ENDORSED**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/10/08

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

PHILIP S. FRANK
*Assistant Corporation Counsel*
Room 3-183
Telephone: (212) 788-0893
Facsimile: (212) 788-9776
pfrank@law.nyc.gov

June 25, 2008

**VIA HAND DELIVERY**
Honorable Lewis A. Kaplan
United States District Judge, SDNY
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re: Lloyd Moore v. City of New York et al., 08 Civ. 3487 (LAK)

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to the defense of the above-referenced matter on behalf of defendant City of New York ("City"). In essence, plaintiff's complaint alleges that he was falsely arrested and excessive force was used against him on February 6, 2007. Consequently, I write to respectfully request (1) that the Court compel plaintiff to provide the outstanding releases for the unsealing of the underlying police, district attorney, criminal court, and medical records in this action by a date certain; and (2) a corresponding thirty (30) day enlargement of time from the date defendant receives the executed release for defendant City to respond to the Complaint. Counsel for plaintiff consents to the enlargement of time for defendant City to respond to the Complaint and consents to providing the releases. However, plaintiff's counsel advised me that he has had difficulty obtaining the release from plaintiff because plaintiff is incarcerated. This is defendant's second request for an enlargement of time to respond to the Complaint.

There are several reasons for seeking an enlargement of time to respond to the Complaint in this matter. As background, by Order, dated May 29, 2008, this Court granted defendant's request for an enlargement of time to respond to the Complaint so that plaintiff could provide defendants with unsealing releases, and so that defendants could have access to the underlying records and investigate plaintiff's allegations before responding. However, on June 24, 2008 counsel for plaintiff advised defendant that although he does not object to producing an executed unsealing release, he is unable to provide defendant with the release at this juncture. Counsel for plaintiff advised that although he sent the unsealing release to plaintiff for execution, to date plaintiff had not returned an executed release to counsel. Therefore, at this time, defendant City does not have access to any of the underlying documents or information which would allow

SO ORDERED   *Extension denied*
_____
LEWIS A. KAPLAN, USDJ
7/10/08